THOMAS F. COX *vs.* PATRICK J. CRONAN.

Third Judicial District, Bridgeport, April Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

An attempted garnishment of a debt which had already been duly assigned, and of which the garnishee had received notice, does not excuse him from paying over the money to the assignee, nor does it relieve him from the payment of interest thereon during the time the money is wrongfully withheld.

A garnishee who challenges the validity of an assignment and retains the money, not as a stakeholder but in order to litigate, for his own benefit, the claim of the owner, is not entitled, upon a suit by the latter, to any presumption that he has not used the money for his own purposes.

A complaint which unnecessarily alludes to an offset against the claim in suit, need not be made more specific in that particular, since the existence of an offset and its amount are matters of defense which can be pleaded in the answer.

Argued April 15th—decided May 25th, 1909.

ACTION in the nature of debt on judgment, brought to the City Court of New Haven and tried to the jury before *Tyner, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Walter P. Judson,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

THAYER, J. The judgment sued upon in this action was rendered on February 26th, 1903, in favor of Sussman Goldreyer against this defendant. In April following, and while an appeal from that judgment by the defendant was pending, one Mersick brought suit against Goldreyer and factorized the defendant as his debtor. That suit was pending until October 7th, 1907, when it was withdrawn. The plaintiff in the present action claimed in the trial court,

and under portions of the charge to which no exception has been taken the jury must have found, that Goldreyer had assigned his judgment to the plaintiff, that the plaintiff was a bona fide owner, and that the defendant had notice of the assignment prior to the bringing of the Mersick suit.

When money belonging to a defendant is attached in the hands of a third party by process of foreign attachment, the garnishee cannot safely pay it over to either party pending the continuance of the suit in which it is attached, but must hold it to abide the result of the action. If he is not under contract to pay interest and makes no use of the money, but retains it as a mere stakeholder, he will not be liable for interest until the result of the suit determines to which party he shall pay it. *Candee* v. *Skinner*, 40 Conn. 464, 468; *Phoenix Ins. Co.* v. *Carey*, 80 id. 426, 432, 68 Atl. 993. But when he mingles the money attached with his own and has the use of it, he is liable for the interest on it. *Woodruff* v. *Bacon*, 35 Conn. 97, 104. Where, as in the present case, no attachment is made, the reason for the rule fails. The debt in question was not the property of Goldreyer at the time the factorizing process was served upon the defendant. The debt had been assigned to the plaintiff and the defendant knew it. The debt was not attached in his hands, and the process afforded him no excuse for not paying it to the plaintiff to whom he owed it.

It is said that payment to the plaintiff would have been at the peril of the defendant, because, if it should be shown that the assignment was fraudulent, the attachment would be good and he could be made to pay again. That is true. But, upon the same reason, had there been no attempted attachment the defendant might refuse to pay the plaintiff upon the ground that afterward Goldreyer or some of his creditors might prove that the assignment was fraudulent and make him pay again. In such a case it would hardly be claimed that he would not be liable for interest during the time he refused to pay. In the case before us it is equally

Cox *v.* Cronan.

clear that it was not the attachment, but his suspicion of the validity of the assignment, which caused him to retain the money. It does not appear that Mersick questioned the validity of the assignment, or knew of its existence at the time he attempted to factorize the defendant. It does appear that the defendant questioned its validity and, to defeat the plaintiff in the present action, he denied the validity of the assignment. The jury have found it to be valid. Where a garnishee thus retains money, not as a stakeholder pending the litigation, but that he may litigate for his own benefit the title of the owner of it, he is entitled to no presumption that he has not used the money for his own benefit so as to render him liable for interest.

The motions for a more specific statement were properly overruled. The complaint unnecessarily stated that the defendant was entitled to an offset against the judgment. The motion was that the amount of such offset should be stated. The fact that there was an offset, and the amount of it, were matters of defense which could be pleaded in the answer, and for this reason the court properly denied the defendant's motions.

The defendant has not pressed his appeal so far as it is based upon the court's action in overruling the demurrer to the complaint. The demurrer was properly overruled.

There is no error.

In this opinion the other judges concurred.