## HARWELL v. FIRST NAT. BANK OF WICHITA FALLS. (No. 11894.)

Court of Civil Appeals of Texas. Fort Worth.
Dec. 23, 1927.

Appeal and error ☞221, 295, 719(9)—Reformation of judgment against defendant in garnishment for interest on fund from date of judgment may not be had, in absence of objection, motion for a new trial, and assignment of error.

On appeal by plaintiff in garnishment proceeding against national bank, judgment will not be reformed at instance of bank to eliminate allowance of interest at 6 per cent. from date of judgment on fund held by bank, declared to belong to another than plaintiff, where bank never tendered or delivered funds into court, and there was no objection to entry at time of judgment, no motion for new trial complaining of it, and no assignment of error directed to that feature of case.

Appeal from District Court, Wichita County; W. W. Cook, Judge.

Garnishment proceeding by I. E. Harwell against the First National Bank of Wichita Falls, in which C. C. Gilbert appeared. From an adverse judgment, plaintiff appeals. On motion to reform judgment. Motion denied, and appeal dismissed.

Weeks, Morrow, Francis & Hankerson and Kilgore, Rogers & Montgomery, all of Wichita Falls, for appellant.

Martin & Oneal, of Wichita Falls, for appellee.

CONNER, C. J. Appellant, I. E. Harwell, as the assignee and owner of a judgment against W. W. Gilbert and others not necessary to mention, sued out garnishment process against the appellee, First National Bank of Wichita Falls, in answer to which it replied that it was not, at the time the writ of garnishment was served on it, or at any intervening time, indebted to W. W. Gilbert, nor did it have in its possession at any of the times mentioned any effects belonging to W. W. Gilbert, and did not know of any other person or persons who were indebted to, or had effects in their possession belonging to, him.

The plaintiff, Harwell, controverted the answer of the bank by verified plea, especially alleging, among other things, that the bank, at the time the writ was served upon it, had funds of the said W. W. Gilbert, in its possession, evidenced by an account standing to the credit of C. C. Gilbert on the bank books in the sum of more than $1,500, representing money left with the bank by W. W. Gilbert with the understanding and agreement that the same was his money, and that he might and would check thereon; the bank being instructed to honor the checks drawn on said fund with the signature of C. C. Gilbert signed by W. W. Gilbert.

In answer to the controverting affidavit of the plaintiff, the bank admitted possession of funds which upon its books were credited to C. C. Gilbert as the owner, and prayed that C. C. Gilbert be made a party, and the court determine to whom the funds belonged. C. C. Gilbert appeared, claiming the fund.

The case was submitted to a jury upon a single issue, which, together with the answer of the jury thereto, is as follows:

"Special issue No. 1: At the time of the issuance and service of the writ of garnishment in this cause, was the fund garnished the property of W. W. Gilbert, or was it the property of C. C. Gilbert? Answer as you find the facts to be. Answer: C. C. Gilbert Funds."

Upon the verdict so rendered the court adjudged that the plaintiff, Harwell, take nothing as against the defendant bank, and declared the fund on deposit, to wit, $603.18, to be the property of the defendant C. C. Gilbert, for which C. C. Gilbert was given judgment against the bank, "with 6 per cent. interest from date, together with all costs in this behalf expended; also granting the bank a recovery over against the plaintiff for its attorneys' fees in the sum of $50. From the judgment so entered the plaintiff has duly prosecuted an appeal to this court on both a cost and a supersedeas bond.

We have before us a motion signed by counsel for appellant, joined by counsel signing as attorneys for appellee, which states that "this cause has been settled, and ask that same be dismissed at cost of appellant." This motion was filed in this court on December 9th. On December 10th other counsel representing the appellee national bank filed a motion, alleging that the judgment against the bank for "interest" at the rate of 6 per cent. from the date of the judgment, as decreed by the court below, is erroneous, and we are asked to reform the judgment by an elimination of the item of interest; no other complaint of the judgment being made.

None of the parties have filed briefs in this court, but the objection to the judgment mentioned is represented as fundamental error. We have been unable to so consider it. No statement of facts has been filed, and we find no recitation in the judgment or in the several pleadings of the bank or in any other part of the transcript that shows, or tends to show, that the bank ever tendered or delivered into the possession of the court the funds in its hands for disposition as it, as garnishee, might have done, and we therefore are unable to say that it appears upon the face of the record that the court had neither evidence, agreement, nor admission of the parties which authorized the imposition of interest as adjudged. In 28 Corpus Juris, p. 247, § 342, under the title "Garnishment," the writer says:

"The prevailing rule is that a garnishee is not chargeable with interest in favor of plaintiff during pendency of the proceedings, unless he has contracted to pay interest, or actually receives interest, or continues, after service of the writ, to use the money due, or wrongfully detains it, or there has been collusion or unreasonable delay on his part. In some jurisdictions, however, where a garnishee may have leave at any time to bring the debt into court, he is chargeable with interest from the time it becomes due until it is paid if he does not so relieve himself from further responsibility."

In the case of Moore v. Lowrey, 25 Iowa, 336, 95 Am. Dec. 790, the following is said:

"The interveners, Fowler and Munson, upon their appeal, insist that the district court erred in refusing to render judgment for interest upon the debt from the date of the order to the day of trial. The authorities seem to agree, that unless the garnishee used the money for which he is liable, he is not chargeable with interest. The courts presume, unless the contrary appear, that it was not used by him, but kept as a separate fund to answer the judgment of the court. If he appears as a litigant in the proceedings, it will overcome this presumption. And, we presume, it would be proper, upon issue joined, to show that, in fact, the money was not kept as a separate fund, but actually used by him, and thus charge him with interest upon the debt. See Drake on Attachment, § 665, and authorities cited.

"But the garnishee in this case did not deny the indebtedness and in no way appears as a litigant. Neither is the presumption that he kept the money as a separate fund attempted to be overcome."

In the case of Cox v. Cronan, by the Supreme Court of Errors of Connecticut, 82 Conn. 175, 72 A. 927, 135 Am. St. Rep. 268, it is said:

"Where a garnishee is under no contract to pay interest on the money attached and makes no use of the money, but retains it as a mere stakeholder, he is not liable for interest until the determination of the suit; but not so if he mingles the money with his own, and uses it for his own benefit."

In the light of these authorities, which, so far as our investigation has extended, fairly indicate the rules governing in such cases, we feel unable, in view of the circumstances already recited, to say that the court committed a fundamental error, or indeed an error of any kind in awarding interest on the sum shown to be in the hands of the bank; for aught that appears on the face of the record,

as already indicated, at the time of the trial it may have been shown that the bank, by contract, was bound to pay interest, or that it had retained, as apparently it did do, the fund in its hands, and used it, itself receiving interest. There was no objection to the entry at the time of the judgment, no motion for new trial complaining of it, no assignment of error directed to this feature of the case, because of all which we think the motion to reform the judgment must be overruled and the appeal dismissed, as requested by the agreement on file.