# EVANCOVICH v. SCHILLER, JUDGE, ET AL.

No. 5422.  Decided November 23, 1933.  (26 P. [2d] 830.)

*H. L. Mulliner,* of Salt Lake City, for plaintiff.

*Willard Hanson, L. R. Rogers,* and *J. W. Cherry,* all of Salt Lake City, for defendants.

1

ELIAS HANSEN, Justice.

Plaintiff applied to this court for a writ of certiorari to review an order entered by the Third district court in an action wherein one Dan Obradovich was plaintiff and Walker Bros., Bankers, now Walker Bank & Trust Company, was defendant, and Millie Evancovich was the interpleaded defendant. The writ applied for was issued directing the defendant district court to certify and return to this court the transcript of record and proceedings had in that cause and to show cause why the order complained of should not be corrected. The record and proceedings were certified as directed. Defendants appeared. They contend that plaintiff has chosen the wrong remedy, and that the facts alleged in the application for the writ do not entitle plaintiff to the relief prayed or to any relief.

The facts out of which this controversy arose are these: Dan Obradovich and his wife, Perka, had two accounts standing in their names at Walker Bros., Bankers. Perka died, leaving a last will and testament, in which Millie Evancovich, plaintiff herein, was named as executrix. The will of Perka Obradovich was admitted to probate. Millie Evancovich was appointed executrix of the will, and she duly qualified as such. Dan Obradovich claimed that all of the money deposited at the Walker Bank belonged to him. Millie Evancovich claimed that one-half of the money belonged to Perka Obradovich during her lifetime and upon her death to her estate. Dan Obradovich brought an action against the bank to recover all the money. The bank appeared in the cause, admitted the money was deposited in the bank, and alleged that Millie Evancovich as executrix claimed an interest in the money, and moved that Millie Evancovich be made a party defendant; that it be permitted to deposit the money with the clerk of the court and be relieved from further liability in the matter. An order was made interpleading Millie Evancovich, executrix, as defendant in the cause and relieving the bank from further liability. Thereupon Dan Obradovich and Millie Evancovich stipulated that the

money be left with the bank at interest until it was finally determined to whom it belonged. Upon the pleadings of Dan Obradovich and Millie Evancovich as executrix, a trial was had resulting in a judgment directing that the money in controversy and the interest accumulated thereon be paid by the bank, one-half to Dan Obradovich and one-half to Millie Evancovich as executrix. Costs of the action were assessed against Dan Obradovich. After the judgment was entered, Dan Obradovich served notice of appeal to this court. Thereupon Dan Obradovich, Millie Evancovich, and Walker Bros., Bankers, entered into a stipulation which contained among others, the following provisions:

"It is now by each and all of the parties hereto stipulated that the bond on appeal in said cause shall and the same is hereby waived, and said cause may be heard and considered without the filing of a bond in said action; it being further stipulated that pending said appeal the sum of $7386.84 shall be allowed to remain on deposit with the defendant Walker Brothers Bankers, a corporation, on interest, said money to be held pending the final determination of said cause, and if said judgment is affirmed or the appeal dismissed, then out of said amount said judgment shall be paid, including interest and costs.

"It is further stipulated that if the said Dan Obradovich, plaintiff and appellant, shall ultimately prevail in said action, then said money shall be paid over by said bank to him."

The cause on appeal was heard by this court and the judgment affirmed, *Obradovich* v. *Walker Bros. Bankers,* 16 P. (2d) 212. Upon remittitur being returned to the district court and filed in the cause, plaintiff herein filed in that court in the case a motion whereby she requested that the court make and enter an order directing the money held by the bank be paid by it as follows: The one-half awarded to plaintiff by the judgment, together with the accumulated interest thereon be paid to her. That out of the money belonging to Dan Obradovich plaintiff be paid: (1) The costs on appeal. (2) The costs allowed by the trial court, together with interest thereon at 8 per cent per annum. (3) The sum of $587.02, the same being the difference between the inter-

est allowed by the bank on the money awarded to the plaintiff and the amount of interest that plaintiff's money would have earned at 8 per cent per annum from the time judgment was rendered to the time the remittitur was filed in the district court. After a hearing was had, the court below entered an order as prayed excepting that interest was not allowed at 8 per cent per annum on the one-half of the funds adjudged to be owned by plaintiff herein, but, on the contrary, the order directed that the bank should pay to plaintiff only 4 per cent interest on plaintiff's one-half of the money, that being the rate of interest paid by the bank on the money deposited with it in a savings account during the pendency of the litigation.

In this proceeding plaintiff complains because, by the order, she has received only 4 per cent on her part of the money during the time which elapsed between the date of the entry of the judgment and the date when the remittitur from this court was returned to the district court. She contends that, as Dan Obradovich by his appeal kept her from the use of the money to which she was entitled during the time the case was pending on appeal, he should make up the difference between 4 per cent and 8 per cent. Defendant Dan Obradovich contends to the contrary. Upon the merits of this litigation, that is the only question upon which the parties divide.

There seems to be a conflict in the authorities as to what is the proper remedy to review an order such as that here complained of. Some courts hold that an appeal lies; others that such question may be reached by an appropriate writ. 4 C. J. 1234. In the view we take of the pleading and the facts disclosed by this record, we do not deem it necessary to decide that question. An examination of the authorities convinces us that the application for the writ shows that plaintiff is not entitled to the relief prayed or to any relief. In her brief filed in support of her application for the writ, plaintiff contends that the original action and judgment were in personam and not in rem. Authori-

ties are cited which support such claim. It does not follow, however, that, because the action and judgment in the main cause were in personam, plaintiff is entitled to the relief which she seeks. The authorities, as we read the cases, are to the effect that neither party claiming money which is directed to be deposited in court pending the outcome of litigation is entitled to interest on such money pending the litigation. *Deering* v. *Schreyer,* 185 N. Y. 560, 78 N. E. 75; *Phoenix Ins. Co.* v. *Carey,* 80 Conn. 426, 68 A. 993; *Delta & Pine Land Co.* v. *Sherwood,* 187 Ill. App. 167; *Kinney* v. *Hynds,* 7 Wyo. 22, 49 P. 403, 52 P. 1081. It has also been held that, "where a particular fund is paid into court in compliance with its order of interpleader, and various claimants litigate between themselves as to their rights to the fund, a decree distributing the fund will not bear interest, and an intervening claimant who prosecutes error to that decree in good faith, and gives a supersedeas bond to stay execution, cannot be compelled, in a suit on the bond, to pay interest on the fund or any part of it." The foregoing quotation is from the syllabus of the case of *Franklin Bank* v. *Bruns,* 84 Ohio St. 12, 95 N. E. 385, Ann. Cas. 1912B, 1002. The quotation reflects the opinion of the court in that case. Moreover, in the instant case plaintiff was a party to the stipulation whereby the money in question was to be kept on interest as a savings account with Walker Bros., Bankers. She was paid interest on the estate's share of the money at the rate of 4 per cent per annum. She having consented to the arrangement, it may not be said that defendant Dan Obradovich deprived her of the use of the money pending the appeal. The bank paid her for such use as agreed by her and the bank. Nor is the language of the stipulation susceptible of the construction contended for by plaintiff herein, that the estate's share of the money should bear interest at the rate of 8 per cent per annum. The order made by the court below with respect to interest is right. The application for the writ fails to state facts which entitle plaintiff to the relief prayed or to any relief.

The alternative writ of certiorari heretofore issued is vacated and the application for the writ dismissed. Defendants are awarded their costs.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFATT, JJ., concur.