62 P.(2d) 1367

## CARON v. SOUTHWEST LUMBER CO.

No. 4136.

Supreme Court of New Mexico.

Oct. 7, 1936.

Rehearing Denied Dec. 28, 1936.

George A. Shipley and J. L. Lawson, both of Alamogordo, for appellant.

J. Benson Newell, of Las Cruces, for appellee.

SADLER, Chief Justice.

The legal question presented by this appeal is whether the restraint laid upon a creditor by injunction prohibiting his collection of moneys due him, absolves his debtor, not a party to the suit out of which said injunction issued, from the payment of all interest contracted to be paid by the terms of a promissory note theretofore negotiated to such creditor for a valuable consideration.

The plaintiff, appearing before us as an appellant, complains of the trial court's denial of interest otherwise to be considered as having been earned during the life of the injunction, and its refusal to award attorney's fees otherwise recoverable under the terms of the note.

The defendant, maker of the note, as stated, was not a party to the suit and was not served with the writ of injunction, although soon after issuance thereof its officers learned of same. At the time of its issuance, the note providing a six months' maturity was seventeen days overdue. However, at such time and by virtue of an understanding had between plaintiff and defendant prior to maturity, a temporary extension in the time of payment was being indulged by plaintiff at defendant's request.

The injunction continued in force for approximately three years. It was dissolved on May 3, 1934, following remand by this court to the district court of Otero county of the case of Longwell v. Caron, 38 N.M. 260, 31 P.(2d) 690, out of which the injunction issued.

Within a few days after dissolution of the injunction and upon demand by plaintiff for payment thereof, the defendant paid to plaintiff the principal amount of the note, $6,500, and six months' interest, $195, and when sued for the balance, claimed immunity from payment of interest during the life of the injunction. Its claim was sustained by the trial court. Hence, this appeal.

The plaintiff, indulging defendant continuously from maturity to issuance of the injunction, had made no demand for payment when the latter event transpired. He made no demand during the period of restraint on collection imposed by the injunction. Nor did defendant ever tender payment until after the demand which followed dissolution of the injunction. Neither did the defendant at any time during the period when the injunction was in force offer to pay into court the amount due on the note, nor segregate from its own funds and hold separately the amount due thereon for payment to plaintiff or

whomsoever subsequently should be held entitled thereto. About four months after maturity of the note, and while the injunction was still in force, the defendant by letter to plaintiff repudiated liability for interest on the note after its maturity. Apparently this was on the theory that the injunction exonerated it from the payment of interest, although the injunction was not issued until seventeen days after maturity of the note.

We think the trial court was in error in denying to plaintiff the interest promised by defendant under express terms of the promissory note sued upon. It was not a party to the suit out of which the injunction issued, nor concerned in the result thereof. And, under the facts shown, intervention of the injunction in no manner affects its contractual liability assumed toward plaintiff. McKnight v. Chauncey, Seld.Notes (N.Y.) 97; Neilsen v. Neilsen, 216 Cal. 150, 13 P.(2d) 715, 716. See, also, 2 High on Injunctions (4th Ed.) § 1133, p. 1114.

In the McKnight Case, the holder of certain notes as surviving assignee of one Chapman, sued Chapman to obtain possession of the notes, joining defendants, the makers, who were restrained pendente lite from paying the notes to Chapman as the payee prior to assignment. The defendants urged a set-off by reason of fraud claimed to inhere in the transaction out of which the notes originated. They further sought to be relieved of interest for the time the injunction was in force. The referee found against them both on the claim of fraud and immunity from interest. Upon appeal both rulings were upheld by the New York Court of Appeals, the reporter's digest of the decision reading:

"Notwithstanding the injunction, the defendants might have paid the money to the plaintiff, who was entitled to it, or might have paid it into court; and not having done so, were rightly charged with interest.

"That the referee having found a report against the existence of fraud in relation to the outstanding debts of the planing mill, his finding could not be disturbed on appeal."

In Neilsen v. Neilsen, supra, the plaintiff, claiming to have been defrauded, sued to have defendants declared trustees of certain property theretofore conveyed to them by her and of a certain note and mortgage arising from the sale of other property also conveyed to but later transferred by them. One Kyburz, the purchaser and maker of the note and mortgage, although not a party to the action, was enjoined from paying the note when due. The question arose whether Kyburz was to be relieved of paying interest earned during life of the injunction. In holding he was not, the court said:

"The defendants complain of the provisions in the conclusions of law relieving Kyburz from paying principal or interest on his mortgage note from the time the injunction order was served on him until the entry of judgment. There are two

answers to this contention. In the first place, this order, as above noted, was not carried into the judgment, and cannot be deemed a part thereof; and, secondly, the defendants were in nowise prejudiced by reason thereof, assuming that it was properly made, for the reason that it operated only against the interests of the plaintiff, and she has not taken an appeal therefrom. For the guidance of the parties in the adjustment of the interest on that obligation, we incline to the view and hold that the service of the injunctive order on Kyburz did not have the effect of relieving him of the payment of interest accumulating on the note during the period mentioned. Kyburz is not a party to this action, and the result of the service upon him of the order of injunction was merely to abate the payment of principal and interest to the defendants during the time the injunctive order was in effect and to save him from default on account of non-payment thereof during the pendency of this action."

These cases are so like the one before us that the rulings therein become highly persuasive. We approve them. Something more is required than here appears to relieve a party of performing a solemnly made contract. Nor do we place defendant in the position of having had to carry a forced loan. Means were open to it to avoid future interest. The controversy over right to this money and other funds being between Caron and Longwell in the accounting suit out of which the injunction issued, the defend-ant here very easily might have relieved itself by securing leave and paying into court in said cause the amount due on said note.

Another very simple means of accomplishing the same result, among others suggested, would have been to make a lawful tender and keep it good. The plaintiff's inability to accept the tender because of the injunction could in no manner deny defendant benefit of the legal consequence of such tender. But the defendant did neither of these things. On the contrary, (although the showing is unessential to liability on a claim for conventional interest), the defendant retained and used in its business throughout the period of the injunction, the money otherwise payable in satisfaction of plaintiff's demand. However, aside from this circumstance, it promised to pay interest until it repaid the principal. Both upon reason and authority, it should perform as promised.

The theory upon which defendant seeks to escape liability for interest seems to be that the injunction prevents default, and without default there can be no interest. Truly such a doctrine can have no place where liability for interest does not rest upon any such contingency, but, instead, upon an express promise to pay. Admittedly there was no default on this obligation prior to maturity, and yet interest accrued under the promise to pay it.

The cases of Evancovich v. Schiller, 83 Utah, 1, 26 P.(2d) 830 and Watson v. McManus, 223 Pa. 583, 72 A. 1066, as

well as other authorities, are relied upon by the defendant. We find none of them decisive of the question here presented. All are easily distinguished. For instance, take the case of Evancovich v. Schiller, supra. There the money was deposited in a bank pursuant to stipulation signed by the complaining party. She received the money agreed to be paid as interest and the court held she had no cause for complaint. Obviously, this was a correct conclusion.

In Watson v. McManus, supra, the injunction restraining payment of the money was procured at the instigation of the party claiming interest by reason of its nonpayment. Furthermore, the interest claimed was not conventional interest. We have carefully considered the authorities presented by defendant and find none of them inconsistent with the conclusion reached by us. Some of them are on facts so dissimilar as to render them valueless as precedents.

The plaintiff also relies upon another point for reversal, to wit, claimed liability of defendant for interest by reason of having profited from use of the money, citing Woodruff v. Bacon, 35 Conn. 97; Candee v. Skinner, 40 Conn. 464; Cox v. Cronan, 82 Conn. 175, 72 A. 927, 135 Am. St.Rep. 268; Templeton v. Fauntleroy, 3 Rand. (Va.) 434. He is met by defendant's contention that this claim was not pleaded, and that there is no evidence of profit. The trial court's finding, which plaintiff assails as wholly without support, is against him on the question of profit. In view of our disposition of plaintiff's first point, we are relieved of passing upon this theory of liability.

It follows that the judgment of the trial court must be reversed. The cause will be remanded with a direction to it to set aside its judgment herein and to enter judgment in plaintiff's favor for the amount of interest provided by the note sued upon, less credits shown, and for proper attorney's fees. The plaintiff will recover his costs.

It is so ordered.

HUDSPETH, BICKLEY, BRICE, and ZINN, JJ., concur.