This is an appeal from an order of the Probate Court for the district of Waterbury approving and allowing an annual account of the trustee under the will of Jennie E. Steele. The single issue is the amount charged by the trustee for his services.
The trust is of the rest, residue, and remainder of the testatrix's estate under the twelfth paragraph of her will, which directs the trustee "To hold, manage and care for the same; to collect the income therefrom; to sell the whole or any part thereof; to sell, mortgage or lease, each on any terms or for any purpose which, in his uncontrolled discretion, the trustee deems proper, the whole or any part of the real estate which is or may become a part of this estate in trust." He is further empowered to spend principal or income to improve the real estate; to borrow money; to invest and reinvest in his discretion in other than legal investments; and to pay or withhold, in his uncontrolled discretion, principal or income for the support of the appellant, who was a former employee of the testatrix.
The trustee is a lawyer and was executor of the estate. He settled the estate, set up the trust of the residue, and made his first accounting as trustee covering the period from October 11, 1937, to November 1, 1938, showing a gross estate on hand of $12,083.64, consisting of real estate, ten shares of stock, a collateral note, and cash. The estate remained at this figure until *Page 266 
the account for the period ending December 31, 1941, when it was increased to $12, 393.64 by a transfer of $310 from income. The estate again remained constant at this figure to December 31, 1944, which was the starting date of the accounting period here in dispute. From October 11, 1937, to December 31, 1944, the trustee received total fees of $773.57. the gross income for the same period from rents, stock dividends, and loans, totaled $7455.72.
On January 7, 1946, the trustee filed the account appealed from, covering the period from December 31, 1944, to December 31, 1945, and showing gross income of $951.46. In the account he charged against income a trustee's fee of $200 and against principal, $500. No issue is made of the propriety of charging a part of the fee against principal, but the claim is that the total amount is unreasonable. The appellant claims that a reasonable fee would be the $200 charged against income. The trustee, however, claims that the item of $500, which is designated "Commission and legal fees," represents a charge running back over the years of the trust for services rendered in connection with a parcel of real estate which was sold during the period covered by the account. It is his contention that such services had not been fully charged for nor paid by allowances previously made but that they had been accumulated in anticipation of a sale. The appellant, on the other hand, takes the position that, since the management and sale of this and other real estate was the trustee's duty under the trust, the allowances made from time to time must be deemed to have included all services to their respective dates.
The account in dispute shows real estate inventoried at $1268.25 sold during the period for $9518.44. This gain over inventory of $7709.19 increased the corpus of the trust to its present appraised value of $20,102.83. The property was sold to a tenant who had rented it for about five years. In spite of the descriptive title given the trustee's $500 charge, it is undisputed that he paid no real estate commission nor legal fees in connection with the sale but, on the contrary, the item in fact is a trustee's fee paid to himself.
During the entire period of the trust, the trustee has had all the problems normally incident to real estate ownership in connection with this property. He employed no real estate agent, personally interviewed many persons in an effort to make a sale, *Page 267 
and frequently listed the property. Many maintenance items, as well as all legal and tax matters in connection with the estate, took his own time and effort.
In 1944 the trustee entered the army and was in service until August, 1945. During this period his law office secretary handled details which required attention and this expense to the trustee is included in his charge.
The trustee's compensation is a matter for the court's discretion both as to amount and as to the time or times at which the trustee is to receive it. Bridgeport-City Trust Co. v. FirstNational Bank Trust Co., 124 Conn. 472, 477. He is entitled to a reasonable compensation for his services, depending upon the circumstances of the case. Main's Appeal, 73 Conn. 638,645; Candee v. Skinner, 40 Conn. 464, 468. In this connection, "reasonable" means what is fair in view of the size of the estate, the responsibilities involved, the character of the work required, the special problems and difficulties met in doing the work, the results achieved, the knowledge, skill and judgment required, the time and service required, and any other circumstances which may appear in the case and are relevant and material to this determination. Hayward v. Plant,98 Conn. 374, 384.
The accounts have been filed at irregular intervals, the the amounts charged for trustee's fees have varied considerably and in one accounting period no fee was charged. The past allowances do not purport to be inclusive of any given period or for any specified duties with the exception of one item of $157 allocated to a piece of real estate other than the one here involved.
The appellant offered in support of the appeal the testimony of the trustee. He testified as to his duties and that he considered his fee reasonable. No other evidence upon that subject was offered. Upon this record there is no basis for reversing the order of the Probate Court.
 Judgment may enter dismissing the appeal and affirming the order of the Probate Court appealed from.