VIDAL REALTORS OF WESTPORT, INC., ET AL. *v.*
HARRY BENNETT & ASSOCIATES, INC., ET AL.
(2343)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued November 8, 1983—decision released February 21, 1984

*Howard C. Kaplan,* for the appellant (defendant garnishee Holch International, Ltd.).

*Stephen M. Seelig,* for the appellees (plaintiffs and named defendant).

HULL, J. The defendant Holch International, Ltd., the garnishee in a multi-broker suit over a $51,000

real estate commission, appeals from a judgment of the court, *Landau, J.,* ordering it to pay the $51,000 together with accrued interest to the plaintiff brokers, Vidal Realtors of Westport, Inc., and John F. Epina Realty, Inc., and the defendant broker, Harry Bennett & Associates, Inc.

The brokers, having settled matters among themselves, filed a "Motion to Compel Garnishee to Release Garnished Funds." They alleged that the garnishee was always willing to pay the commission to those entitled to it, but that when the garnishee was presented with a release of garnishment it refused to turn over the $51,000 held by it unless it could retain the interest earned on the escrow account in which it was held. The court, after hearing all parties, held that a scire facias under General Statutes § 52-387 was not necessary and ruled on the motion in the "interests of judicial economy."

The defendant garnishee's principal claim on appeal[1] is that the court erred in ordering the garnishee to release garnished funds in the absence of a scire facias proceeding.

There is no disagreement over the underlying facts. Holch International, Ltd., (Holch) listed Stamford real estate for sale with the defendant broker Harry Bennett & Associates, Inc., (Bennett). Bennett, as listing broker, entered into a cobrokerage agreement with the plaintiff Vidal Realtors of Westport, Inc., (Vidal) and John F. Epina Realty, Inc., (Epina) as prospective selling brokers. The agreement provided for a three way division of any commission earned from the sale of the Holch property.

The property was sold and the plaintiffs Vidal and Epina claimed the commission. Carriage Trade Realty,

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

Inc., (Carriage Trade), not a party to these proceedings, also claimed the commission. At the closing, Holch owed a $51,000 brokerage commission to the broker or brokers who brought about the sale.

Because of the conflicting claims to the commission, Holch refused to pay it although it was admittedly due. Vidal and Epina then brought the present suit against Bennett claiming their rights to two-thirds of the $51,000 commission. A prejudgment remedy in the amount of $35,000 was granted, garnishing Holch. Holch's counsel, by agreement with Bennett's counsel, added $16,000 representing the balance of the commission to a separate escrow account which Holch held pending the disposition of the matter.

In August, 1981, the plaintiffs, Vidal and Epina, the defendant Bennett and Carriage Trade all agreed on a division of the $51,000 commission. They sought to withdraw this suit but, upon presentation of a release of garnishment, Holch refused to turn over the $51,000 unless it could retain for itself the approximately $8,000 in interest earned up to that time.

After the court's judgment of February 22, 1982, Holch refused to comply with it. The plaintiffs and the named defendant secured a contempt hearing at which, on July 28, 1982, the court, *Tunick, J.,* ordered Holch to pay the $51,000 to the plaintiffs and the named defendant within fourteen days. This was done. Upon the garnishee's appeal, a stay was vacated as to the $51,000 and this has been divided among Vidal, Epina, Bennett and Carriage Trade according to their agreement. Holch's counsel still holds the interest earned on the fund which now totals more than $11,000.

The ancient and honorable writ of scire facias has been dying a lingering death in Connecticut for some time. The principal assailant is Edward L. Stephenson, who states in his treatise on Connecticut civil proce-

dure: "The writ of scire facias as used in garnishment in this state is an historical anachronism and it should be replaced by a simpler procedure by motion." 1 Stephenson, Conn. Civ. Proc. § 74, citing Federal Rules of Civil Procedure, Rule 81 (b). As Stephenson points out, in 1953 the use of scire facias to cite in an administrator or executor was abolished. See Public Acts 1953, No. 120, now contained in General Statutes § 52-599. "The whole scire facias proceeding is unnecessarily complicated and serves no purpose that could not be served more quickly and with less expense by a motion to show cause, for, after all, scire facias means 'cause to be made known.' " 1 Stephenson, Conn. Civ. Proc. § 74. The noted author also states that the trial of a scire facias action may be by court or jury and is not a privileged case. Id. A near fatal blow was rendered by Justice Parskey in *Burchett* v. *Roncari,* 181 Conn. 125, 127, 434 A.2d 941 (1980), wherein he stated: "It is rather obvious that these ancient writs of execution have become so encrusted with procedural barnacles that frequently they are not suited to the needs of modern society."

Public Acts 1983, No. 83-581, an act concerning postjudgment remedies, is a comprehensive treatment of the subject. It provides in § 11 (a): "Where a dispute exists between the judgment debtor or judgment creditor and a third person concerning an interest in personal property sought to be levied on . . . the judgment creditor . . . may, within twenty days of service of the execution, make a claim for determination of interests pursuant to this section." Section 39 of Public Acts 1983, No. 83-581, however, did not repeal General Statutes § 52-387, the scire facias statute. The question of the relationship between that public act and scire facias remains for another day.

The procedure involved in proceeding against a garnishee is a postjudgment one whether it be under a scire

facias proceeding or Public Acts 1983, No. 83-581, § 28.[2] In this case, there never was any judgment against Bennett. There was, therefore, no judgment debtor to trigger postjudgment proceedings.

The service of a garnishment establishes the court's jurisdiction over the garnishee. 1 Stephenson, Conn. Civ. Proc. § 74 (e). Such in personam jurisdiction does not include the subject matter of the garnishment. The plaintiff can summon the garnishee before the court to show cause why he should not pay the garnishment only by obtaining judgment and then seeking to collect the debt for which the judgment has been rendered through a writ of scire facias. *Smyth* v. *Ripley,* 32 Conn. 156, 157 (1864); *Ensworth* v. *Davenport,* 9 Conn. 390, 393 (1832). The whole purpose of scire facias is to give the garnishee an opportunity to defend.

"Under the statute, in an action of *scire facias* in consummation of an action begun by process of foreign attachment, there really can be no issue reaching the merits of the action other than the one whether or not the defendant in *scire facias* was indebted to the defendant in the original action at the time of service." [3] *Cunningham Lumber Co.* v. *New York, N.H. & H. R. Co.,* 77 Conn. 628, 630, 60 A. 107 (1905); see *Papa* v. *Youngstrom,* 146 Conn. 37, 39, 147 A. 494 (1958); 38 C.J.S., Garnishment § 261 (4).

Commendably, counsel for Holch has never claimed in the court below or in its brief or oral argument to this court that Holch was not indebted to Bennett at the time of the garnishment for the $51,000 commis-

---

[2] Public Acts 1983, No. 83-581, § 28, provides as follows: "Sections 1 to 27, inclusive, of this act apply to all post-judgment proceedings commenced on or after its effective date [July 14, 1983]. . . . A post-judgment proceeding commenced prior to the effective date of this act is governed by the law in effect when the proceeding was commenced."

[3] Practice Book § 81 allows the garnishee to be admitted to the original case to defend his principal if the defendant does not appear.

sion it held.[4] Thus, concerning the principal garnished amount of $51,000, there was no issue to litigate in a scire facias proceeding. The question of interest is a mere incident to the debt. *Woodruff* v. *Bacon*, 35 Conn. 97, 104 (1868). It would be exalting form over substance in the unusual factual setting of this case to require the court to defer action until a scire facias proceeding, with its inevitable delay and expense, was instituted after judgment against Bennett.

Holch did object to its being required to pay over the accumulated interest. It had a full hearing both on this issue and on the issue of paying over the $51,000. Holch had an opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong* v. *Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965); *Ledgebrook Condominium Assn., Inc.* v. *Lusk Corporation*, 172 Conn. 577, 583, 376 A.2d 60 (1977); see *Roundhouse Construction Corporation* v. *Telesco Masons Supplies Co.*, 168 Conn. 371, 376–77, 362 A.2d 778, vacated, 423 U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on remand, 170 Conn. 155, 365 A.2d 393, cert. denied, 429 U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976).

There remains only the question of Holch's claimed right to the interest. The court found that Holch was not entitled to retain the interest.

---

[4] The trial court found as follows: "Holch has agreed to forward $51,000, however, it seeks to retain the interest earned on that commission." "Holch did not contest the parties' right to the $51,000 upon a resolution of their dispute; however, it challenged the raising of the motion on procedural grounds." In Holch's brief in opposition to the plaintiffs' and the named defendant's joint motion to compel it to release the garnished funds, Holch stated: "The plaintiffs and defendant caused the garnishee to hold $51,000 while they resolved their disputes. This garnishee has, at all times, been ready, willing and able to pay this money to the parties if they could only resolve their disagreements, and has segregated the funds from its own bank accounts."

A garnishee's role is similar to that of a trustee in that he cannot derive personal profit from a garnished subject. *Candee* v. *Skinner,* 40 Conn. 464, 468–69 (1873). A garnishee does not, however, have an affirmative duty to accrue interest. Id., 468. "[If the garnishee] makes no use of the money, but retains it as a mere stakeholder, he will not be liable for interest." *Cox* v. *Cronan,* 82 Conn. 175, 176, 72 A. 927 (1909).

The general rule is summed up in *Candee* v. *Skinner,* supra, 469, wherein the court said that "unless [the garnishee] is holding in bad faith or making unreasonable delay, or acting in violation of some duty, or derives some pecuniary benefit from his position, he ought not to be accountable for interest." That court further pointed out that "unless it appears, or from the facts can be fairly presumed, that he has actually derived some advantage from the use of the money or received some interest or profit from its use by others" a garnishee does not owe interest. Id., 468.

*Loewe* v. *Savings Bank of Danbury,* 236 F. 444 (2d Cir. 1916), aff'd, 242 U.S. 357, 37 S. Ct. 172, 61 L. Ed. 360 (1917), is on all fours with this case. The plaintiffs in that case had garnished accounts of the defendants which were on deposit in the Savings Bank of Danbury. Before execution, the bank assigned the interest on said deposits to the United Hatters of North America. The issue was whether the interest belonged to the garnishing party or to the assignee of the garnishee. The Court of Appeals for the Second Circuit reversed the lower court, holding that the interest earned belonged to the plaintiff garnishor. After interpreting Connecticut law, the court held: "Where it affirmatively appears that the funds have been profitably employed and the principal has been augmented by virtue of such profitable employment, the principal and the increment are inseparable and belong to the attaching creditor." Id., 452. "As long as the attached fund is used for profit, the

profit, whether earned for the benefit of the garnishee or the debtor, is impounded for the benefit of the attaching creditor and is subject to the same ultimate disposition as the principal of which it is the incident." Id., 453.

We conclude that Holch was not entitled to retain the accrued interest.

There is no error.

In this opinion the other judges concurred.