## MALVIN v. CHRISTOPH.

1. **Exemption:** ABSCONDING DEBTOR: PROPERTY IN HANDS OF WIFE. It is not necessary that a debtor should have deserted his family, or left without their knowledge or consent, to entitle his wife or children to hold property exempt from execution under section 3078 of the Code; it is sufficient if he has absconded to escape from the jurisdiction or avoid the process of the Courts.

2. ——: ——: ——.   In such case, where the debtor has left more property than is exempt under the statute, the wife may select that which she will retain.

*Appeal from Dubuque Circuit Court.*

TUESDAY, OCTOBER 19.

ACTION of replevin to recover a horse, which it is alleged the sheriff of Dubuque county attached as the property of P. S. Malvin, at the suit of the defendant Christoph.   The action was originally brought against the sheriff, and Chris-

toph, the party in interest, was substituted as defendant, by order of the court. The plaintiff is the wife of said P. S. Malvin, and claims that her said husband had absconded and left his family, leaving said horse in possession of the plaintiff; and that no other horse was in her possession nor owned by her, at the time he was levied upon, and that he was exempt from execution.

There was a trial by jury and a verdict and judgment for the defendant. The plaintiff appeals.

*Utt Bros.* and *J. B. Powers*, for appellant.

*S. M. Pollock*, for appellee.

ROTHROCK, J.—I. By § 3072 of the Code, if a debtor is a resident of this State and the head of a family, he may hold one horse exempt from execution. Section 3078 provides that "when a debtor absconds and leaves his family, such property shall be exempt in the hands of the wife and children, or either of them."

1. EXEMPTION: absconding debtor: property in hands of wife.

The evidence in the case tends to show that P. S. Malvin, the plaintiff's husband, was largely indebted, and that about the 9th of February, 1878, he left his family and went out of the State, and has not returned. All of his property was seized by his creditors very soon after his departure.

The court in the fifth instruction to the jury, we think, properly defined what is meant by a debtor absconding. The instruction is in substance about the same as that given in Bouvier's Law Dict., Vol. 1, 46, where to abscond is defined thus: "To go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed in order to avoid their process."

The sixth instruction is as follows: "The leaving of his family by said P. S. Malvin would not constitute plaintiff the head of the family, and as such entitled to hold said horse exempt from execution, if you believe that he left home with the knowledge and consent of plaintiff, his wife; that she

knows where he now is; that he left home intending to return to his family, and is away with plaintiff's knowledge and consent."

: We think this instruction is erroneous. A debtor may abscond and conceal himself from his creditors, with the intention of avoiding the service of judicial writs, notices or other process, and be to all intents what the law denominates an absconding debtor, and yet such absence may be with the knowledge and consent of the wife. The statute of exemptions gives to the head of a family, for the benefit of the family, certain property as exempt from execution. If he be an absconding debtor the law authorizes the wife or children to claim the exemption, not as the owners of the property, but for him for the benefit of his family. Now it is wholly immaterial whether the husband absconds with the knowledge or consent of the wife or not. The law affixes no such condition to her right to claim the exemption.

, II. The court further instructed the jury as follows:

, "The plaintiff must establish by a preponderance of credible testimony the facts necessary to sustain her action, and these facts which plaintiff must so establish are in brief as follows:

: "That, prior to the time the horse in question was taken by said P. Ferring, the husband of plaintiff absconded, leaving his family, including plaintiff, behind him. That when he absconded he owned and left with plaintiff the horse in suit, which so continued in her possession until the horse was so taken. It was the only horse left by her husband in plaintiff's possession or owned by her, and was exempt to her as the head of a family."

The closing part of this instruction, in which the jury, as we understand it, are directed that the plaintiff must show that the horse in question was the only one left by her husband in her possession, is, we think, erroneous. It is true the plaintiff alleges in her petition that no other horse was in her possession when the levy was made. But this was an imma-

terial averment which she was not bound to prove. She claims this horse as exempt. If there were other horses left with her, it was her right to make the selection of the one she claimed as exempt. The evidence tends to show that she did make such selection by serving a written notice to that effect upon the sheriff, the same day he levied upon the horse.

For the errors above discussed the judgment must be reversed, and the cause remanded for a new trial.

REVERSED.