CROFT & ALLEN *v.* JOHN H. APEL.

*Foreign Attachment— When Will Issue.*

No foreign attachment will issue against a person who has been living and doing business in this State for a number of years, and whose family still resides at the place long occupied by him, notwithstanding the fact that he had been absent from his home for some time and had been heard to say that he was out of the town where he had been living and never expected to see it again.

(*Kent, April 30, 1888.*)

RULE to show cause why certain writs of foreign attachments should not be quashed.

Affidavit of *William F. Causey,* attorney for Samuel Croft and George W. Allen, trading as Croft & Allen, plaintiffs in the above suit of Domestic Attachment v. John H. Apel, defendant, being duly sworn deposes and says that the said defendant was domiciled and resided in this State at the time of the issuing all the foregoing foreign attachments against him (included in the list before stated in the application) and rules granted on the plaintiffs in each of them to show cause why they should not be quashed and set aside.

April 30, 1888.—Willoughby Stein called for defendant and sworn.—Saw Apel a week ago in Philadelphia, and he then said to me that he was out of Milford and he was glad of it, and never expected to see it again. Rev. Code p. 25—"inhabitant" defined.

5 Harr., 26; 1 Dall., 152; 2 Scam. (Ill.), 8 Cranch.

*Causey,* for the plaintiffs.—Apel had resided and carried on business in his own name continuously fifteen or twenty years, and left it suddenly on the 27th of December last without any one knowing whether he had left the State. He left his family there in their residence long owned and occupied by him and them, and his family are still there and are now occupying it.

*Lofland,* for defendant, 1 Houst., 363.

*Fulton* for defendant, *Rev. Code, Attachment Act,* 4 Houst., 572.

THE COURT made the rule absolute.