SAVINGS BANK OF DANBURY, OF DANBURY, CONNECTICUT, v. LOEWE, AS SURVIVING PARTNER OF THE FIRM OF D. E. LOEWE & COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 713.  Argued December 11, 1916.—Decided January 8, 1917.

Under the statutes of Connecticut, a garnishment of deposits in an ordinary savings bank without stockholders which is subject to a fiduciary duty to hold and invest for the benefit of its depositors all funds that it receives and to pay over to them the net income beyond enough to constitute a small safety fund, Gen. Stats., §§ 3440, 3441, reaches not only the principal of the deposits but also the dividends that accrue after service of the writ.

The lien is not affected by an assignment of the savings accounts made after the service.

236 Fed. Rep. 444, affirmed.

THE case is stated in the opinion.

Mr. *William F. Tammany*, with whom Mr. *John H. Light* was on the brief, for plaintiff in error.

Mr. *Walter Gordon Merritt* and Mr. *Daniel Davenport* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is *scire facias*, where the statutes of Connecticut provide a similar remedy, to recover savings bank accounts attached by trustee process in the hands of the plaintiff in error, judgment having been recovered in the original suit by the defendant in error and execution taken out. The garnishee submitted itself to the judgment of the court, admitting deposits, but setting up that after the attachment the accounts had been assigned to the United Hatters of North America and that the assignee claimed the dividends that had accrued since the writ was served. The assignee was cited, appeared and made the claim. The principal, except an item of $428.52, now has been paid, and the right to the dividends is the only question in the case. The Circuit Court of Appeals decided that the attaching creditor had the better right. 236 Fed. Rep. 444.

There is no doubt that under the statutes of Connecticut, as usual elsewhere, a garnishment reaches only effects of the defendant in the hands of the garnishee at the time of service upon the latter, as distinguished from contingent liabilities that do not become effects in the garnishee's hands until a later time. Gen. Stats. 1902, §§ 880, 931. But the commonest object of such attachments is a right, regarded as a thing within reach of the process because of the power of the court over the person subject to the corresponding obligation. *Barber* v. *Morgan*, 84 Connecticut, 618, 623; *Osborn* v. *Lloyd*, 1 Root, 447; *Harris* v. *Balk*, 198 U. S. 215, 222. If the right is vested the attachment reaches the whole of it, and therefore, there being no doubt that a *debitum in præsenti solvendum in futuro* could be attached, Gen. Stats., § 936, it was admitted at the argument that in the case of an interest-bearing debt the subsequently accruing interest was held as well as the principal. The obligation to pay the one stands on the same footing as the obligation to pay the

other; the two are one, they are limbs of the same contract, and there is no reason for splitting them up. *Adams v. Cordis,* 8 Pick. 260, 269. It may be true that apart from statute the attachment of stock in a corporation would not hold subsequently declared dividends, but, if so, that is because the stockholders have no right to the dividends until they are declared, which may never be if the directors see fit to convert earnings into capital. *Gibbons* v. *Mahon,* 136 U. S. 549. Compare *Norton* v. *Norton,* 43 Ohio St. 509, 525. The question then narrows itself to whether the so-called dividends of savings banks are analogous to dividends of a corporation or to interest due by contract upon a debt.

. The plaintiff in error is an ordinary savings bank without stockholders. It is subject to a fiduciary duty to hold and invest for the benefit of its depositors all the funds that it receives and to pay over to them all the net income earned, after the retention of enough to constitute a small safety fund. Gen. Stats., §§ 3440, 3441. This duty certainly is no less because created by statute rather than by contract. It is guarded by other statutes limiting the investments allowed and requiring inspection, with the object of making principal and income secure rather than large. Gen. Stats., §§ 3428, 3457. The minimum amount of the dividends generally is as fixed in practice as if it were written in a bond. The practical certainty that a savings bank will pay is greater, in short, than that an average debtor will pay six per cent. according to his promise in a note. The only element of uncertainty other than that conditioning all future conduct, is the possibility that the dividend may be greater than that which experience has led the depositor to expect. He has a vested right to the dividends, a vested right that the corporation should take the most prudent steps to secure them, with an identified fund devoted to the result. We do not perceive why the possibility of there being no earnings because

of fraud or a cataclysm, or a possibility of the earnings being greater than was expected, should make the right less a present one, subject to and covered by the attachment, than the right to the capital, which runs the same risks, *Bunnell* v. *Collinsville Savings Society*, 38 Connecticut, 203, or than that arising from the promise of a debtor who may fail or abscond, or, if a corporation, may have no assets.

The case certainly is not weakened, it rather seems to us to be strengthened by the fact that the statutes of Connecticut provide that the levy of attachments and executions upon even the shares of a corporation shall include dividends growing due thereon. The provision indicates a policy, and although of course the words do not include dividends from savings banks, as in our opinion they did not need to, it is only by imagining unreal distinctions that the policy embodied in the statute, and extending by the common law to interest due upon contract, can be held to exclude the claim to subsequently earned income of ordinary savings banks, when that claim as we have tried to show is a vested right. *Middletown Savings Bank* v. *Jarvis*, 33 Connecticut, 372, 379. See *Norton* v. *Norton*, 43 Ohio St. 509, 525.

No argument against our conclusion can be based on the right to release the attachment by giving a bond equal to the value of the effects attached. Gen. Stats., §§ 849, 852. We presume that ordinarily a plaintiff would be satisfied with a bond for the principal of a debt or deposit. If he should raise a question we will wait for the Connecticut courts to decide whether he might or might not be entitled to more.

Finally, the assignment of course has no effect upon the rights of the defendant in error. If the attachment would have held dividends as against the original defendant it holds them as against the assignee.

*Judgment affirmed.*