## McLEOD, Sheriff, et al. v. COOPER.*
### No. 8114.

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1937.

Rehearing Denied March 22, 1937.

*Writ of certiorari denied 57 S.Ct. 938, 81 L.Ed. ——.

Wm. C. Pierce, W. K. Zewadski, Jr., and John B. Sutton, all of Tampa, Fla., for appellants.

Fred S. Abraham, of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from an order of the bankruptcy court enjoining an execution sale of the bankrupt's equitable interest in 18,480 shares of the capital stock of Celo Company of America. The execution was issued upon a judgment in personam against the bankrupt rendered March 24, 1935. The involuntary petition against the judgment debtor was filed July 16, 1934, and his adjudication followed on July 23, 1934.

■ The lien upon the property seized under execution, having been obtained through legal proceedings against an insolvent person within four months prior to the filing of the petition in bankruptcy, was invalidated by the adjudication under section 67f of the Bankruptcy Act, as amended (11 U.S.C.A. 107(f), unless a lien was obtained by virtue of a writ of garnish-ment issued by the state court, February 3, 1933, when the suit was filed and writ of garnishment served, which was done more than four months prior to the adjudication in bankruptcy. We think an answer to the single question, whether the equitable interest of the bankrupt in said corporate stock was the subject of garnishment, will be determinative of the case.

The trust agreement, made November 18, 1932, embraced an aggregate of 272,498 shares, and was entered into by the corporation and a number of its shareholders, including the bankrupt. It was to continue for twenty years, but might be dissolved by 65 per cent. of the trustors after two dividends had been paid on the capital stock of the corporation not included in the trust, the right to such priority in payment of dividends being provided for in the agreement. The trustee was given full power for ten years to vote the stock in his own discretion, unless instructed in writing by the owners of 65 per cent. of the stock so held in trust. Certain restrictions were also imposed by the parties upon their respective rights to sell their interests in the corpus of the trust. The trustee issued to the bankrupt, on November 18, 1932, a certificate of ownership of said 18,480 shares.

■ The action of the state court, based upon certain past-due notes, was commenced on February 3, 1933, and on the same day a writ of garnishment was issued against said corporation and the trustee in said agreement. The former filed no answer, but the latter answered, denying that he was indebted to the plaintiff and stating the facts as they existed with reference to his possession of the stock. This is what a garnishee should do under the Florida practice. Jax Ice & Cold Storage Co. v. South Florida Farms Co., 91 Fla. 593, 109 So. 212, 48 A.L.R. 957.

No judgment of any kind was taken against either garnishee, and the trustee in bankruptcy claims that the judgment creditor thereby waived any lien or priority obtained by means of the writ of garnishment; but we do not find it necessary to discuss this point, because we are satisfied that the bankrupt's equitable interest in the stock in question was not subjected to any prior claim of the plaintiff by what was done in this instance.

■ The general rule is that equitable interests of this nature are not subject to garnishment, unless expressly authorized by statute. 28 C.J. 102. This rule is an in-

196

cident of the very nature of garnishment as being a legal as distinguished from an equitable remedy. 28 C.J. 132. In Williams v. T. R. Sweat & Co., 103 Fla. 461, 137 So. 698, 699, the court held: "Garnishment is legal proceeding, purely statutory, and operation thereof, should not be extended beyond statutory authority."

The only right given creditors under the Florida statutes to reach stock in a corporation is by attachment or execution. Sections 4533–4539, Compiled General Statutes. The garnishment statute does not specifically cover shares of, or interest in, corporate stock, being limited to "any indebtedness due to the defendant by a third person, and any goods, money, chattels or effects of the defendants in the hands, possession or control of a third person." Section 5284, Compiled General Laws.

As this stock was not subject to a writ of garnishment against the corporation, a fortiori, the equitable interest of the bankrupt was not subject to such a writ against the trustee in the trust agreement. The latter had no property in his hands which he was required to turn over to the bankrupt. The possibility of future dividends being collected by him was a contingent liability not subject to garnishment. Savings Bank v. Loewe, 242 U.S. 357, 37 S.Ct. 172, 61 L.Ed. 360–362. See, also, Huot, Kelly & Co. v. Ely Candee & Wilder, 17 Fla. 775.

The order of the bankruptcy court is affirmed.