CELESTINO CRUZ BATISTA, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, HON. FERNANDO GALLARDO DÍAZ, JUDGE, Respondent; ISAÍAS PÉREZ, Intervener.

No. 1775. Argued April 20, 1949.—Decided July 21, 1949.

*Luis A. Archilla Laugier* and *José E. Bosch Roqué* for petitioner. *Víctor M. Sánchez Fernández* and *Manuel Torres Reyes* for intervener, plaintiff in the main action.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

This Court issued a writ of certiorari to review the refusal of the District Court of Bayamón to declare void an attachment levied by the marshal of said court on certain merchandise in stock in defendant's needlework factory and on rents to become due of several leased houses which appeared in his name.

When the lower court ordered that the judgment rendered in the main action be secured, it did so by issuing a general order that the marshal attach "property of the defendant sufficient to secure the effectiveness of the judgment rendered in this case on July 9, 1948, plus a reasonable amount for

costs, expenses, and $600 as attorney's fees; this attachment being decreed without the previous filing of a bond, since judgment has been entered thereon and no appeal has been taken to the Supreme Court of Puerto Rico." After the writ was issued, the marshal, at the request of the plaintiff in the main action, proceeded to levy the attachment mentioned above. When he attached the merchandise in stock in the needlework factory, the marshal followed the instructions of plaintiff's attorneys and, without the previous designation of a depositary by the court, he deposited the merchandise in the establishment of Ramón Alvaréz de Arce who signed a receipt as "depositary". When attaching the rents, he served notice on each of the tenants to deliver when due "all and each one of the rents to become due on the lease of said house to the marshal of the District Court of Bayamón. . . .'"

After the attachment was levied, defendant appealed from the judgment rendered against him and on the following day moved the court to declare the attachment void. His motion was overruled.

■ Before considering the grounds of the petition for certiorari, we must state that, notwithstanding the fact that defendant appealed from the judgment rendered against him after the attachment had been levied, the lower court maintained jurisdiction to take cognizance, as it did, of the motion to declare void the attachment, since this was a collateral incident regarding a matter not embraced by the appeal, the latter not causing a stay of the proceedings concerning the attachment. Section 297, Code of Civil Procedure; § 14 of the Act to secure the effectiveness of judgments; *Sacks* v. *Superior Court* (1948), 3 C. (2d) 537, 190 P. (2d) 602; 4 Am. Jur., Attachment and Garnishment, § 6, p. 555; 3 Am. Jur., Appeal and Error, § 531, p. 192. Cf. *Clausells* v. *Salas*, 50 P.R.R. 530.

 The first ground of the petition for certiorari is to the effect that the atachment did not conform to the requirements of § 2 of the Act to secure the effectiveness of judgments, as the rules fixed by it do not cover the case in which, in an action for the division of property held in common and acquired while plaintiff and defendant lived in concubinage, *Torres* v. *Roldán*, 67 P.R.R. 342, 50 per cent of the property appearing in the name of defendant at the date of the termination of the concubinage is acknowledged to belong to the concubine.

In *Torres* v. *Roldán*, *supra*, we held that a concubine may recover her proportionate share of the property for the acquisition of which she contributed with her capital and work during the concubinage, even without an agreement to that effect. In the case at bar, the lower court in its opinion and judgment said: "The evidence has shown that on June 9, 1947, [when the concubinage was terminated] the property in the name of Celestino Cruz Batista, described below, belonged to him as well as to the plaintiff Isaías Pérez, share and share alike, and that it should be liquidated among the parties, corresponding to each 50 per cent of such property." [the property, including the merchandise in the needle work factory, is listed thereafter.]

Even if § 2 of the Act to secure the effectiveness of judgments, in its subdivisions (*a*) to (*g*) inclusive—which establish the rules to secure the effectiveness of the judgment in accordance with the nature of the claim of the plaintiff in relation to the obligation of the defendant—does not specifically cover the claim of the concubine in this suit, subdivision (*h*) of said Section is sufficiently broad to comprise it. "With respect to cases not provided for in the preceding rules," the cited subdivision recites: "the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment." The following facts, considered by the lower court

as proved, show that in exercising its power under the Act to secure the effectiveness of judgments it made good use of its discretion pursuant to subdivision (*h*) : "The evidence shows that defendant after separating from plaintiff started to sell and make promissory notes to the bearer with some of their property as security. As the court considers that the property belonged to plaintiff as well as to defendant, *the latter should pay to the plaintiff her corresponding share of the property thus sold or mortgaged.*" (Italics ours.) *Manrique* v. *Aguayo et al.*, 35 P.R.R. 362. Since all the property appears in the name of defendant, and since he had already sold or encumbered some, it was necessary, more so than equitable, to adopt some measure that would tend to secure the effectiveness of the judgment rendered in favor of plaintiff, which could otherwise have resulted illusory. We do not think that the first assignment of error is existent.

The second ground of the petition is to the effect that error was committed in ordering the attachment of the rents not due.

Section 10 of the Act regarding this matter regulates the attachment of personal property to secure the effectiveness of a judgment. Section 11 makes the provisions of § 10 applicable to crops yielded by the property under attachment, or by the property the alienation of which has been prohibited, whenever the attachment or prohibition includes the crops. Among these are included, as *civil fruits*, the rents of buildings and the price paid for the lease of land. Section 289, Civil Code, 1930 ed.

Whether an attachment levied on future rents lies is a question that has not been definitively decided by this Court. See *Clausells* v. *Salas*, *supra*, in which, although an order of the lower court vacating an attachment on rents to become due was affirmed, we stated:

"The Act to secure the effectiveness of judgments contains no express provision for or against the question. Similarly

there is no express provision in any other act which we recall or which has been cited to us.

"There is no doubt that rent is property. It is stated in Section 269 of the Civil Code, ed. 1930, that 'The following are also considered movables: rents or annuities. . .'ʼ Similarly there is no doubt that rents are susceptible of attachment when matured, since in such case the right of the creditor is already something definite susceptible of being impounded. The doubt arises when such a right has not matured."

And we added:

"In view of the law and the authorities, it seems to us that the question ought not to be decided finally but that it would be preferable to allow the circumstances of each particular case to be weighed by the trial judge with due consideration to the interests of both parties, in accordance with the powers conferred upon him and the duties imposed upon him by sub-division (h) of Section 2 of the Act to secure the effectiveness of judgments, *supra*. . . ."

The law and the decisions referred to by this Court in the case of *Clausells* were set forth therein. In connection with the law there was cited, in addition to the Act to secure the effectiveness of judgments, §§ 258, 259, and 269 of the Civil Code,[1] and §§ 246, 248 of the Code of Civil Procedure;[2]

---

[1] "Section 258.—Things are furthermore divided into corporeal and incorporeal.

"Corporeal things are such as are manifest to the senses which may be touched or tasted, whether animate or inanimate. Of this kind are fruits, corn, gold, silver, clothes, furniture, lands, meadows, woods, houses and others.

"Incorporeal things are such as are not manifest to the senses, and which are conceived only by the understanding, such as the rights of inheritance, servitudes and obligations.

"Section 259.—Incorporeal things, consisting only in a right, are not of themselves strictly susceptible of the quality of movables or immovables; nevertheless, they shall be considered as belonging in one or the other of these classes, according to the object to which they apply and the rules hereinafter established."

"Section 269.—The following are also considered movables: rents or annuities, either for life or hereditary, in favor of a person or family, provided they do not encumber an immovable with a real charge; contracts for public services, and receipts and certificates representing mortgage loans."

and regarding the decisions, the cases of *Cochran* v. *Fernández*, 47 P.R.R. 666, and *Ramírez* v. *District Court*, 43 P.R.R. 220, as well as *Sims* v. *Jones*, 75 N. W. 150; *Wood* v. *Partridge*, 11 Mass. 487; *Thorp* v. *Preston*, 4 N.W. 227 and *Ordway* v. *Remington*, 12 R. I. 319.

The concept of *movables* given by us in the case of *Clausells* to rents, because "rents and annuities" are considered as such by § 269 of our Civil Code, does not cover, indeed, rents yielded by the lease of an immovable. The "rents or annuities" mentioned in said Section are the same as those referred to in its equivalent Section in the Spanish Civil Code—§ 336—that is, the right of a person to receive perpetually or for life an amount in cash or in specie, in the instalments and manner agreed to, from another person who upon the delivery of capital, of an immovable, or for charity, undertook such obligation. Scaevola, Civil Code, 2d ed., p. 105; Manresa, *Comentarios al Código Civil Español*, 5th ed., pp. 50 and 51. However, the concept of *movable* may be applied to rents or leases once they have become due, in accordance with §§ 265, 268, and 271 of the Civil Code,[3]

[2] "Section 246.—All goods, chattels, moneys, and other property, both real and personal, or any interest therein of the judgment debtor, not exempt by law, and all property and right of property, seized and held under attachment in the action, are liable to execution. Shares and interest in any corporation or company, and debts and credits, and all other property, both real and personal, or any interest in any real or personal property, and all other property not capable of manual delivery, may be attached on execution, in like manner as upon writs of attachment. Gold dust and nuggets must be returned by the officer as so much money collected, at its current value, without exposing the same for sale. Until a levy, property is not affected by the execution."

"Section 248.—(*As amended by Act April 16, 1916, page 57*.) All real and personal property belonging to any married woman at the time of her marriage, or to which she subsequently becomes entitled in her own right, and all compensation due or owing (her) for her personal services, is exempt from execution against her husband; but this privilege of exemption shall not extend to the benefits, income and proceeds from the private property of a married woman, one-half the value of the former being subject to an order of execution against the husband."

[3] "Section 265.—Movables are considered such things as are susceptible of appropriation and not included in the preceding chapter, and, in

as it is a well-settled theory in the law that the rent which has accrued but which has not been paid by the tenant is considered as a fund belonging to the landlord in the hands of the tenant and is subject to attachment. This is not so in the case of rent not yet due because the right thereto is contingent until it becomes due; it is not an enforceable debt or obligation and is not subject to attachment. 4 Am. Jur., Attachment & Garnishment, § 189, p. 673; Cf. *Savings Bank of Danbury* v. *Loewe*, 242 U. S. 357, 61 L. ed. 360; *Deacon* v. *Oliver et al.*, 14 How. (U. S.) 610, 14 L. ed. 563; *E. Sondheimer Co.* v. *Richland Lumber Co.*, 46 So. 806, 121 La. 786.

For such reason we hold that under § 11 of the Act to secure the effectiveness of judgments, rents— under the concept of "rents of buildings" and "price paid for the lease of lands" given to *civil fruits* by § 289 of the Civil Code—are not subject to attachment, as long as they are not an enforceable debt or obligation or one which has become due. Consequently, the lower court erred in refusing to vacate the attachment levied by the marshal on the rents which had not yet become due.

 In the third ground, petitioner contends that the attachment proceeding instituted in the lower court is void

---

general, all those which can be carried from place to place without impairing the immovable to which they may be attached."

"Section 268.—Things movable by disposition of the law are such as obligations and actions, the object of which is to recover money due or movables by their nature, although such obligations are accompanied with a mortgage; obligations which have for their object a specific performance, and those which from their nature carry with them an indemnization for damages; shares or interests in banks or companies of commerce, industries, or any other speculation, although such companies be possessed of immovables depending upon such enterprises. Such shares or interests are considered as movables with respect to every member of an association during the time of its existence; but if the association be dissolved, the right which any of its members may have to claim the division of the immovables or a participation therein, shall produce an immovable action."

"Section 271.—All things corporeal or incorporeal, which are not immovables by nature or by disposition of the law, shall be considered as movables."

as plaintiff failed to serve notice on defendant of his motion presented to the court to decree the effectiveness of the judgment, as is required by § 14 of the Act.

This Court has decided the point raised by petitioner in *Madera* v. *Campillo, District Judge,* 30 P.R.R. 156, and *Sierra* v. *Vieta,* 56 P.R.R. 214, to the effect that after a complaint is filed, an attachment may be decreed without serving previous notice on defendant or hearing any evidence, since it is only after the attachment has been levied and upon a motion being filed in connection therewith that petitioner is bound under § 14 of the Act to serve notice thereof on the adverse party. This being so, the lower court did not err in decreeing the attachment without first serving notice on defendant.

■ The last ground of petitioner is that error was committed in approving, after the filing by defendant of his motion to vacate the attachment, the appointment of a depositary made by the marshal at the instance of plaintiff's attorneys, without a previous order of the court to that effect.

The record shows that the attachment levied on the merchandise and its deposit with Ramón Alvarez de Arce was made on July 13, 1948, without the court up to that time having issued any order appointing Alvarez de Arce to act as depositary. It is evident, therefore, that the designation of Alvarez de Arce as depositary was not made pursuant to the requirements of § 10 of the Act to secure the effectiveness of judgments. *Cooperativa Central* v. *Flores,* 68 P.R.R. 672; *Dávila* v. *Rosa,* 61 P.R.R. 586; *Balaguer* v. *District Court,* 59 P.R.R. 645. However, it appears from the record that nine days after the attachment was levied and on motion of plaintiff the lower court approved such designation. In our judgment, the irregularity was cured by the subsequent approval of the court. *Cooperativa Central* v. *Flores, supra;*

*Dávila* v. *Rosa, supra;* 4 Am. Jur., Attachment & Garnishment, § 85 *et seq.,* p. 607 *et seq;* § 475, p. 843.

For the foregoing reasons, the order of September 23, 1948 involved in the instant proceeding is set aside insofar as it overruled the motion of defendant to vacate the attachment levied on rents not yet due on property appearing in his name, and the order is affirmed insofar as it upheld the attachment levied on the merchandise in the hands of the depositary Ramón Alvarez de Arce.