In the Matter of The Adoption of THOMAS GOODMAN, a minor child.

*(January 4, 1952.)*

LAYTON, J., sitting.

*Thomas Muncy Keith* for Petitioners.

Orphans Court for New Castle County.

LAYTON, J.:

The Court is required to construe the word "residents" as used in the Delaware Statute governing proceedings for adoption of minors. This statute[1] provides as follows:

---

[1]Paragraph 3550, *Revised Code of Delaware,* 1935, as amended by 41 *Delaware Laws,* Chapter 187 and 43 *Delaware Laws,* Chapter 207, 13 *Del. C.* § 903.

"* * * A resident of this State who is over twenty-one years of age and not married, or a husband and wife residents of this State (if not legally separated) jointly, may petition the Orphans' Court of the county in which the petitioner or petitioners reside for an order authorizing the petitioner or petitioners to adopt a minor child or children not theirs by birth, and, if desired, for authority to change the name of such child or children."

The petitioners' home is in Pennsylvania where they have lived for more than two years. Previously, the petitioners had resided in Delaware. For reasons of health, they moved to Pennsylvania to live on a farm which was available to them there. Mr. Sanborn works, votes and pays taxes in Delaware. His father's home in Wilmington is available to the petitioners for temporary stays. The petitioners state that they are living in Pennsylvania only temporarily and that they intend to reestablish their home in Delaware, at some future time, when they can find a suitable place in a rural area. They contend that, under these facts, they have not acquired a new domicile in Pennsylvania and that they are still domiciled in this State. They urge that the word "residents" as used in the adoption statute is synonymous with the word "domiciliaries".

The words "resident" and "residence" are words having various statutory meanings dependent upon the context of the statute in which they are used. Such words have different connotations in different statutes and situations. They must be construed in the light of the purpose of the statute in which they appear and the result designed to be accomplished by their use. *In re Jones' Case*, 341 *Pa.* 329, 19 *A.* 2d 280, 282. While "domicile" and "residence" are sometimes used interchangeably in legislative expressions, the governing factor in each case is the legislative intent. *Cf. State v. Frest*, 4 *Harr.* 558; *Mitchell v. Delaware State Tax Commissioner*, 3 *Terry* 589, 42 *A.* 2d 19, 21.

An examination of the whole adoption statute makes it clear that the Legislature intended that the home of the peti-

tioners must be located within the territorial limits of the jurisdiction of this Court. The context and purpose of the adoption statute make it manifest that the words "residents of this State", as used in that statute, mean persons who actually dwell in Delaware and whose fixed and permanent abode or dwelling place for the time being is in this State.

The adoption statute contemplates continuing supervision and control by this Court. Upon the filing of a petition for adoption, and before the entry of an interlocutory order, this Court is required to have a complete investigation made including "the emotional, moral, financial, intellectual, and health standards" of the foster home. For a period of one year after the entry of an interlocutory order, continuing surveillance under the supervision of this Court, is required. A representative of the State Agency is required to visit the child in the foster home as often as may be deemed necessary and a report, covering this entire period, is submitted and considered before a final order of adoption may be entered. Indeed, even after a final order has been granted, this Court, upon sufficient cause shown, has the statutory power and duty to vacate the order and to restore the child to the position and name which it held before the final order of adoption was entered. Moreover, we know of no authority which would permit the State Board of Charities, the investigating agency, to enter a foreign state for the purpose of making the required investigation.

The investigation, supervision and control required by the Statute are incompatible with the contention that, prior to the entry of the final order of adoption, the home into which the child has been taken may be located outside of the State of Delaware. The proper exercise of the Court's duties and obligations requires that the home of the foster parents and the child be and remain within the territorial limits of the jurisdiction of this Court.

For the reasons stated, the petition must be dismissed. The dismissal of the petition will not result in the separation of the

petitioners and the child nor interrupt in any way the existing relationship between them. Adoption proceedings may be instituted in Pennsylvania or in Delaware when the petitioners again become "residents" of this State.