156 A.2d 96 (1959)
Nettie M. LUTZ, Plaintiff,
v.
Lloyd E. BOAS, Jefferson J. Rebstock et al., Defendants.
Court of Chancery of Delaware, New Castle.
October 30, 1959.
*97 William E. Taylor, Jr., Wilmington, for plaintiff.
James M. Tunnell, Jr., and Andrew B. Kirkpatrick, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant, Jefferson J. Rebstock.
SEITZ, Chancellor.
This is the decision on the motion of Jefferson J. Rebstock ("defendant"), purporting to appear specially, to vacate as to him, the order of appearance and sequestration entered by this court on June 2, 1959. Defendant contends that this court lacked jurisdiction of either his person or property. Defendant's counsel wrote a letter wherein he set forth explicitly the reasons for his motion.
At the oral argument plaintiff's counsel conceded that the sequestration process could not be supported on the basis of 10 Del.C. § 365. He relies wholly upon 10 Del.C. § 366. In the letter of defendant's counsel five reasons are given why the sequestration order cannot be sustained under 10 Del.C. § 366. I assume, pursuant to the statement of defendant's counsel, that grounds 4 and 5 under paragraph I-B of his letter have been withdrawn. I now consider the other grounds asserted.
Defendant first asserts that 10 Del.C. § 366 did not justify the issuance of the sequestration process because as to this defendant the complaint seeks an accounting of money. As I understand defendant's argument, it is to the effect that where an accounting is sought the defendant must be present to render such an accounting. If defendant defaults there can be no accounting. Thus, no relief could be granted.
I cannot agree that defendant's suggested approach is based upon a proper construction of § 366. It is true that § 366 envisions a situation where, if the defendant defaults, his property may be sold to satisfy plaintiff's claim. I do not believe a defendant's failure to appear could frustrate the entry of a money judgment. It is not unreasonable to assume that plaintiff might make a showing without defendant being required to file an account. Indeed, it is frequently the case that while the defendant is asked to account, what is contemplated is that he account by restoring money or property. A true accounting is not really involved.
Based on past practice and considering the nature of the relief sought I am satisfied that the sequestration here involved was properly authorized by 10 Del.C. § 366.
Defendant next contends that the affidavit required by Chancery Court Rule 4(dd), Del.C.Ann., was deficient in that it did not state the estimated amount and value of the property of the defendant sought to be seized and that the court did not dispense with the need for compliance with this part of the Rule.
Chancery Court Rule 4(dd) (1) states in part that
"(1) No order shall be entered under 10 Del.C. § 366 unless application therefor is accompanied by the affidavit of a plaintiff or other credible person stating:
* * * * * *
"(b) The following information as to the property of each such defendant sought to be seized:
* * * * * *
"(2) The estimated amount and value thereof.
* * * * * *
"(5) The reason for the omission of any of the required statements."
The affidavit filed under the Rule stated that the deponent could not state or estimate *98 the number of shares owned by each of the individual defendants "* * * because that information is available only to the respective defendants or to the corporation whose shares are involved". Obviously, if the plaintiffs were justified in saying that they did not know the number of shares owned by defendant they could not give the estimated value thereof. I believe the statement that they did not know the number of shares complied with the requirement of subparagraph 5. It in effect gives the reason for failure to give the estimated value of the property seized.
Defendant seems to argue that every omission under paragraph (1) (b) must be sanctioned by the court after due application is made. This is not so. The omission was one that did not require an application to be made under Paragraph 5 of Rule 4(dd), where, as here, there was in effect compliance with subparagraph 5 of paragraph (1) (b) of the Rule.
Defendant next contends that the affidavit failed to comply with Rule 4(dd) because it did not state the nature of the defendant's title or interest in the property as required by paragraph (1) (b) (3) of the Rule and the court did not dispense with this requirement.
The affidavit states upon information and belief that the defendant's property consists of shares of stock in certain corporations. I think the reasonable inference is that the deponent was referring to shares standing in the names of defendants in the various corporations. It would seem to be straining to suggest that the affidavit should be required to state that the defendants were believed to have a legal title in the shares to be seized. At oral argument plaintiff's counsel conceded that he sought to seize only the shares registered in the names of the various defendants. A reading of the order of sequestration seems to bear that out. Consequently, I see no merit to defendant's contention.
Since I have concluded that there is no merit to defendant's motion I am not called upon to decide whether a prior motion, filed on behalf of this defendant by other counsel, constituted a general appearance.
Present order on notice.