**WIFE, Plaintiff,**

v.

**HUSBAND, Defendant.**

Court of Chancery of Delaware,
New Castle.

Oct. 23, 1970.

---

Vincent A. Theisen, of Theisen, Lank & Kelleher, Wilmington, and Thomas Muncy Keith, of Keith & Koffenberger, Wilmington, for plaintiff.

E. Dickinson Griffenberg, Jr., Wilmington, amicus curiae.

DUFFY, Chancellor:

This is an action for separate maintenance by a wife (plaintiff) against her husband (defendant). Defendant has never been served and jurisdiction is based entirely upon sequestration of his property.

Under the very unusual circumstances shown by the record, I am satisfied that plaintiff has proved her right to separate maintenance and to a lump sum award out

of defendant's estate,[1] if the Court has jurisdiction upon which to proceed. Because of the uncertainty as to this, the Court on its own motion appointed an amicus curiae to argue in opposition to plaintiff.

A.

The sequestration statute, 10 Del.C. § 366, reads in part as follows:

> "If it appears in any complaint filed in the Court of Chancery that the defendant * * * is a non-resident of the State of Delaware, the Court may make an order directing such non-resident * * * to appear by a day certain. * * *"

For present purposes, the critical question concerns the meaning of "non-resident" in the statute. In divorce and foreign attachment actions Delaware courts have construed the term "resident" as closely related to domicile; see, for example, Fritz v. Fritz, 55 Del. 328, 187 A.2d 348 (1962); and Croft v. Apel, 8 Houst. 162, 32 A. 172 (1888); the amicus argues for a similar construction of § 366. Sequestration is a species of equitable foreign attachment, so that argument is supported by both logic and a desire for consistency with the law. But the former disappears when the statute is tested by the "domicile" construction and consistency alone is insufficient to sustain it.

"Non-resident" is not, of course, read in isolation nor in an academic context. It must be read in the statute in which it is found.[2]

---

1. Compare Matheson v. McCormac, 186 S.C. 93, 195 S.E. 122; and see Spackman v. Spackman, 40 Del.Ch. 380, 183 A.2d 199 (1962).

2. See In re Goodman's Adoption, Del. Orph., 10 Terry 550, 121 A.2d 676 (1952), where the Court, in interpreting the adoption statute, stated:
   "The words 'resident' and 'residence' are words having various statutory meanings dependent upon the context of the statute in which they are used. Such words have different connotations in different statutes and situations. They must be construed in the light of the purpose of the statute in which they appear and the result designed to be accomplished by their use. In re Jones' Case, 341 Pa. 329, 19 A.2d 280, 282. While 'domicile' and 'residence' are sometimes used interchangeably in legislative expressions, the governing factor in each case is the legislative intent. Cf. State v. Frest, 4 Har. 558; Mitchell v. Delaware State Tax Commissioner, 3 Terry 589, 42 A.2d 19, 21."

In the sequestration statute "non-resident" is used in prescribing a way in which process may be accomplished at the inception of a lawsuit. The primary purpose of the statute is to enable the Court to compel the appearance of a non-resident. Trans World Airlines, Inc. v. Hughes Tool Company, 41 Del.Ch. 11, 187 A.2d 350 (1962). And to that end the Court is empowered to seize his property so that he will appear.

Equating a non-resident to a non-domiciliary in applying the statute would, in my judgment, disregard and defeat the underlying purpose of the statute, i. e., to compel appearance of a party who is not subject to personal service. If a party resides in Delaware he may be served personally; if he does not, his property may be reached by sequestration, and by that route his appearance may be compelled.

If the law were otherwise, then the property of a non-domiciliary who is a Delaware resident, that is, one who actually lives here and who could personally be served here, would be subject to seizure by sequestration. On the other hand, the property of a person domiciled in Delaware but actually living outside the State and who could *not* be personally served here, would *not* be subject to seizure; neither he nor his property (in this State) could be reached. Such a construction would produce an anomaly which, in my view, the General Assembly did not intend. In an earlier day, when people were less mobile, the domicile test may have been appropriate, but not in a society as fluid as ours.[3]

As I see it, the term "non-resident" in the statute refers to a defendant's physical absence from Delaware. This is not to say, of course, that the property of any resident who leaves Delaware for a short time is subject to seizure. It does mean, however, that a defendant who absents himself from the State for a substantial period of time, with no indication of his destination, who leaves no evidence of intent to return here, and who has maintained no residence of any kind within the State, is a non-resident in the sense contemplated by the sequestration statute.

I turn now to the facts.

#### B.

The complaint, which was filed on April 7, 1969, alleges, *inter alia*:

"(4) On or about February 11, 1969, the defendant wilfully left the marital domicile of the parties at * * * Pennsylvania Avenue, Wilmington, Delaware, and deserted the plaintiff, and since that time has failed to provide adequate support and maintenance for the plaintiff. Plaintiff and defendant have not cohabitated since that time.

(5) Prior thereto and on or about November 23, 1968, the defendant advised the plaintiff, his wife of 38 years, at the time, that he wished to have a divorce in order that he might marry * * * who had been the defendant's private secretary for a number of years while he was employed as the Chairman of the Board and President and Chief Executive of the * * * Corporation * * *.

(6) On information and belief, the defendant, who has not been seen by the plaintiff since February 11, 1969, has absconded from the State of Delaware and cannot now be found. On information and belief, the defendant was last seen at the Camel Back Hotel in Phoenix, Arizona, and at the time he was registered at the Hotel with * * * under the names of Mr. and Mrs. * * * [defendant].

(7) On information and belief, prior thereto and on or about January 17,

---

3. Use of the "domicile" test would also make jurisdiction dependent upon subjective intent, compare Taormina v. Taormina, 32 Del.Ch. 18, 78 A.2d 473 (1951), which is difficult to determine in any case and almost impossible in the case of a party who has disappeared (as in this case).

1969, the defendant purporting to act on behalf of himself and * * * Corporation, requested the Executive Officer of * * * Corp., a Pennsylvania corporation, to loan him for a period of thirty (30) days $250,000.00 in order that defendant could loan this sum to * * * [his] Corporation.

(8) On information and belief, the defendant shortly before his departure from the State of Delaware and from his usual place of residence, cashed this check for $250,000.00, obtained Treasurer's Checks and other negotiable securities and disappeared in the company of the aforesaid * * *."

It is thus alleged, among other things, that defendant "absconded from" the State of Delaware.[4]

A reasonable inference from these allegations is that defendant did indeed leave his usual place of residence and that he is no longer resident in the State in the sense of "presence" or otherwise.

Under these circumstances I conclude that defendant is a non-resident of Delaware within the meaning of 10 Del.C. § 366.

As I read the Supreme Court opinion in Gluck v. Chasin, Del.Supr.Ct., 210 A.2d 855 (1965), it does not require a different result. The Court made plain that unless the precise requirements of the statute are met there may be no order of sequestration. But nothing in its opinion holds that a plaintiff must specifically allege the word "non-resident" in the complaint, and I conclude that the absence of that word is not fatal. Indeed, the last paragraph of the Court's opinion speaks to the substance of what is required: the complaint must "disclose the non-residency" of a defendant. That means facts as to non-residence, not the use of a special word or term.

## C.

Counsel have also briefed the question of what kind of an order might be entered against defendant, assuming power to act.

The Sequestrator holds only one security, which is a large block of stock in a Delaware corporation. There are sound and practical reasons for ordering a turnover of that stock to plaintiff and the question is whether the Court may do that, or whether it may only order a sale of the stock. As to this, § 366 states that if the property is not released, it "shall remain subject to seizure and may be sold to satisfy any judgment entered in the cause."

■ Plaintiff correctly argues that this Court has broad powers in fashioning its decrees to the requirements of a case. But here we proceed, not under a general equity power to tailor relief to the case, but under plaintiff's invocation of a specific statute. The Court can do with the seized property only that which the statute permits. And it does not authorize a turnover of such property to a successful plaintiff. In short, the property may only be sold to satisfy her claim. Lutz v. Boas, 38 Del.Ch. 563, 156 A.2d 96 (1959); Wightman v. San Francisco Bay Toll-Bridge Co., 16 Del.Ch. 200, 142 A. 783 (1928).

A judgment will be entered awarding a lump sum to plaintiff and, on application, the seized property may be sold to satisfy such judgment.

4. Black's Law Dictionary (4 Ed.), p. 21, states:
"*Abscond.* To go in a clandestine manner out of the jurisdiction of the courts, or to lie concealed, in order to, avoid their process. Malvin v. Christoph, 54 Iowa, 562, 7 N.W. 6. To hide, conceal, or absent oneself clandestinely, with the intent to avoid legal process. Smith v. Johnson, 43 Neb. 754, 62 N.W. 217. Postponing limitations. Keck v. Pickens, 207 Ark. 757, 182 S.W.2d 873, 875. Fleeing from arresting or prosecuting officers of this state. Code Cr.Proc. art. 8. State v. Berryhill, 188 La. 549, 177 So. 663."