FREDERICK J. HUSS *v.* DOROTHY M. HUSS

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued April 4—decision released May 22, 1979

*Joel M. Ellis,* for the appellant (plaintiff).

*Louis W. Flynn, Jr.,* for the appellee (substituted defendant Jan Carloch, administratrix of the estate of Dorothy M. Huss).

PER CURIAM. The plaintiff, Frederick J. Huss, obtained a prejudgment remedy allowing him to garnishee bank accounts owned by the defendant, Dorothy Huss. After further proceedings, the trial court, *Rubinow, J.,* ordered the garnishment of two specific bank accounts in the Burritt Mutual Savings Bank in the amount of $12,500. Thereafter the defendant filed two separate motions to limit the order of garnishment. The first motion, to dissolve the garnishment, was ordered erased by the trial court, *Cramer, J.,* on procedural grounds. The second motion, to terminate the restraining order that was part of the original application for prejudgment remedy, was granted by the trial court, *Jacobs, J.* The effect of this second motion was to release funds in the Burritt Mutual Savings Bank over and above the amount of $12,500. The plaintiff unsuccessfully moved for reargument of the granting of this second motion, and the present appeal followed.

The only issue on this appeal is whether the order of garnishment automatically, as a matter of law, incorporated interest subsequently accruing to the garnisheed bank accounts. The memorandum of decision of the trial court, *Jacobs, J.,* to which we may look in the absence of a finding, indicates that the plaintiff never requested inclusion of subsequently accruing interest in his order of garnishment, and the garnishment order contained no such provision. The plaintiff argues that express reference to interest is unnecessary because the garnishment of a bank account in and of itself reaches not only the principal but also the interest as it accrues from the date of garnishment. We do not agree.

The plaintiff claims that this case is controlled by *Savings Bank of Danbury* v. *Loewe,* 242 U.S.

357, 37 S. Ct. 172, 61 L. Ed. 360 (1917). In *Loewe,* the Supreme Court of the United States held that so-called "dividends" on savings bank accounts were recoverable by a judgment creditor who had attached the underlying accounts by trustee process. Id., 359–60. The court recognized that attachment of stock in a corporation would not, apart from statute, hold subsequently declared stock dividends, but found the bank "dividend" more analogous to the case of an interest-bearing debt, which had been admitted at the argument to include subsequently accruing interest. Id. The present authority of *Loewe* is, however, doubtful. Apart from its age, the case cannot, after *Erie R. Co.* v. *Tompkins,* 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), bind this court on a matter of Connecticut law. More important, the law of garnishment, especially as a prejudgment remedy, has undergone a dramatic change even as a matter of federal law. Today, prejudgment garnishment of bank accounts is subjected to strict judicial scrutiny to assure that no debtor is deprived of the use of property in the hands of a garnishee in violation of the due process clause of the United States constitution. *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.,* 419 U.S. 601, 606, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975); cf. *Sniadach* v. *Family Finance Corporation,* 395 U.S. 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969). It is hardly consistent with a constitutional right to due notice and hearing to extend the reach of a garnishment order by legal implication.

We do not need to decide now whether garnishment of a bank account may, under some circumstances, include interest subsequently accruing to the account. In the case before us, the plaintiff expressly agreed, through his counsel, that the

attachment should be limited to $12,500, although the ad damnum clause of his complaint sought recovery of $15,000. No reason has been offered why this agreement should not be binding according to its own terms. The amount of $12,500 is secured by the garnishment without regard to the subsequently accruing interest.

There is no error.